# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00166-CR

**Richard Dean Kercheff, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
## NO. 67894, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). In a bench trial, the district court found appellant Richard Dean Kercheff guilty of the offense of burglary of a building. *See* Tex. Penal Code § 30.02. Kercheff pleaded true to six enhancement paragraphs alleging prior state-jail felony convictions, four for the offense of burglary of a building and two for the offense of possession of a controlled substance, and the district court subsequently sentenced Kercheff to ten years' imprisonment. This appeal followed.

The evidence tended to show that on or about March 6, 2011, Kercheff stole items from a self-storage facility in Killeen. The items belonged to Richard Binkley. According to the evidence presented, both Kercheff and Binkley had rented storage space at the facility at around the time of the burglary. On the date in question, Binkley had entered the facility's office, complaining that his lock had been replaced by another lock that he believed belonged to management. The manager of the facility, Sandra Pagel, testified that she then accompanied Binkley

back to his storage unit and discovered that the lock had indeed been replaced, but not by management. Pagel had maintenance cut open the unidentified lock, and upon opening the door to the unit, they discovered that items belonging to Binkley, including electronic equipment, had been stolen. The police were called to the scene and an investigation into the burglary commenced.

The facility was equipped with a surveillance system that recorded both the gated entry into the facility and the storage units within the facility. Pagel testified that, upon review of the relevant security footage, a green Kia Sportage, later identified as belonging to Kercheff, was seen entering the facility and parking near Binkley's unit. Then, the driver of the vehicle, whose physical appearance was similar to Kercheff's appearance, was seen exiting the vehicle, cutting the lock on the door to the unit, entering the unit, removing items from inside the unit, loading the items into the vehicle, and then leaving the facility. A copy of the video recording was admitted into evidence. Further investigation by Pagel revealed that at the exact time of the burglary, Kercheff's unique access code, which corresponded to the last four digits of his Social Security number, had been used to open the entry gate into the facility.

Kercheff testified in his defense. In his testimony, Kercheff claimed that he had let his friend, Todd Retzlaff, borrow his car at around the time of the burglary and asserted that it was Retzlaff who had committed the crime. Evidence was admitted that tended to show that Retzlaff had died prior to trial, and was thus unavailable to testify to either confirm or deny Kercheff's claims.

Kercheff's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *see also Penson v. Ohio*,

2

488 U.S. 75; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Kercheff was mailed a copy of counsel's brief and advised of his right to examine the appellate record and to file a pro se brief.  No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   August 21, 2013

Do Not Publish